| Case No. | **CV 17-8870 DMG (RAOx)** | Date | January 3, 2018 |
|---|---|---|---|
| Title | ***Kayla Reed v. David's Bridal, Inc.*** | Page | 1 of 2 |

Present: The Honorable    **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER REMANDING CASE TO VENTURA COUNTY SUPERIOR COURT**

On December 12, 2017, the Court ordered Defendant David's Bridal, Inc. to show cause why this case should not be remanded to Ventura County Superior Court on the ground that the amount in controversy under 28 U.S.C. § 1332(a) had not been satisfied ("OSC"). [Doc. # 11.] On December 19, 2017, Defendant filed its response to the OSC. [Doc. # 13]. Plaintiff has not filed an optional reply to Defendant's response.

Defendant's theory that the amount in controversy exceeds $75,000 relies upon its contention that the cost of complying with the injunction Plaintiff seeks is $78,764.20.[1] *See* Def.'s Resp. to OSC at 4. Nonetheless, it appears that Defendant incurred $58,229.20 of that cost in connection with an audit it conducted on its website months before Plaintiff filed the instant suit. *See* Siebert Decl. at ¶¶ 4–5 (attesting that Defendant began remediating its website in May 2017) [Doc. # 13-1]; Compl. at 1 (filed Oct. 30, 2017) [Doc. # 1-2]. Although Defendant's cost of complying with an injunction may be included in the amount in controversy, *see In re Ford Motor Company/Citibank (S.D.) N.A.*, 264 F.3d 952, 959 (9th Cir. 2001), Defendant does not cite any authority establishing that the costs it chose to incur before the suit was filed can be counted toward the jurisdictional threshold. *See* Def.'s Resp. to OSC at 3–4. Moreover, even if the remaining $20,535 in costs related to Defendant's website were combined with the approximately $12,001.01 in statutory damages and attorneys' fees Defendant argues should be included, *see supra* note 1, that figure would still fall far below the $75,000

---

[1] Defendant also asserts that the amount controversy includes $12,000 in statutory damages, along with attorneys' fees "in excess of $1.00[.]" *See* Def.'s Resp. to OSC at 5–7. For the purposes of this Order, the Court assumes *arguendo* that these assertions are correct.

Moreover, Defendant argues in passing that the amount in controversy requirement has been satisfied because the U.S. District Court for the Central District of California did not remand "a nearly identical lawsuit" that Plaintiff originally filed in state court. *Id.* at 2 (citing *Reed v. CVS Pharm., Inc.*, No. CV 17-3877-MWF-SK (C.D. Cal.)). Aside from noting that Plaintiff asserted claims under the Unruh Civil Rights Act in the *CVS* matter, Defendant does not explain why *CVS* and the instant case are "nearly identical[.]" *See id.*

jurisdictional threshold. Therefore, Defendant has failed to demonstrate that the amount in controversy exceeds $75,000. Consequently, the Court **REMANDS** this action to Ventura County Superior Court. *Marin v. Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) ("The burden of establishing federal subject matter jurisdiction falls on the party invoking removal."). The scheduling conference on January 19, 2018 is VACATED.

**IT IS SO ORDERED.**